The defendant Salmon leased all the ground floor space of the Kinney building, Broad and Market streets, Newark, as lies north of the main entrance on Broad street. It was his privilege under the lease to subdivide it into rentable portions. He also had the right to revise the store fronts, vestibule entrances and doorways, provided such revised store fronts, vestibule entrances and doorways shall be of a character and material similar to those for which the same are substituted and shall preserve the general character and appearance of the exterior of the building. The defendant has sublet an eight-foot wide store on Broad street for an open-front fruit juice stand and to that end purposes to remove altogether the present front. The bill is to restrain. The right to revise the store fronts implies, and the proviso contemplates, substitution of fronts. Removal is waste. UnionTrust Co. v. Goerke Co., 103 N.J. Eq. 159. It is enjoinable as waste though the removal will not affect the general character and appearance of the exterior of the building. The covenant to preserve the general character and appearance is a limitation upon the lessee's right to alter the store fronts. There is no license to remove them if the appearance be not disturbed.
The complainant did not consent to an open front. There was no waiver and there is no estoppel. The proof is that it refused permission after due consideration.
The supposed approval of the defendants' plan by the complainant's architect was without authority and his sanction was given in ignorance of the terms of the lease and its limitations.
The limitations upon the right granted the lessee to revise store fronts serves to preserve the complainant's "utopian illusions" regarding its building, as well as to excite a court of equity into action to prevent the lessee from an abuse of his tenancy; and this by injunction pendente lite when the facts are not in dispute and the law is settled. There will be an injunction. *Page 391